**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL WEST, # S-00409,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-189-NJR** |
| | ) | |
| **STACY WAGGONER,** | ) | |
| **DEBBIE MAGNUS,** | ) | |
| **and CENTRALIA CORRECTIONAL** | ) | |
| **CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at Centralia Correctional Center ("Centralia"). He has since been released on parole. He claims that Defendants refused to properly compute the time he spent in the Macon County Jail against his prison sentence, and as a result, he was kept in prison past what should have been his release date. Plaintiff also raises state law claims for intentional infliction of emotional distress and willful and wanton misconduct. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims are subject to dismissal under § 1915A.

## The Complaint

Plaintiff states that he entered the Macon County Jail on June 12, 2015, and was transferred to the custody of the Illinois Department of Corrections (IDOC) on July 20, 2015. According to Plaintiff's calculation, he thus spent 48 days[1] in the county jail (Doc. 1, p. 6). Upon

---

[1] It appears that the June 12, 2015, custody date noted in the complaint is incorrect when compared to Plaintiff's Judgment, in which the sentencing court noted that his custody began on June 2 (Doc. 2, p. 2).

his arrival at Centralia, he discovered that his calculation sheet showing his prospective release date was "misconstrued," and he was not given credit for those 48 days.

Plaintiff submitted several exhibits to his complaint, including the trial court's Judgment and Sentence (Doc. 2, p. 2), showing that he was sentenced to 18 months in prison for two offenses, to be served concurrently. The Judgment reflects that Plaintiff was taken into custody on June 2, 2015, and was to receive credit against his sentence for time served in the county jail beginning on that date. Further, the Judgment notes that Plaintiff would be required to serve 50% of the 18-month sentence in prison.

At Centralia, Plaintiff showed his documentation regarding the sentence calculation to Defendant Magnus (counselor) and contacted Defendant Waggoner (records office supervisor). They told Plaintiff that they would not investigate the matter. Plaintiff's grievance over the sentence calculation problem was denied. He attempted to speak with the warden or assistant warden, but was threatened (he does not say by whom) with segregation if he did so. Despite the threat of segregation, Plaintiff continued to pursue the grievance process all the way to the Administrative Appeal Board. At some point, he also spoke with Assistant Warden Macon (who is not named as a Defendant), but she did not follow up on her promise to look into the matter (Doc. 1, p. 7).

Plaintiff now seeks money damages for his "time unjustly served" in Centralia before his release (Doc. 1, p. 8).

---

The information regarding Plaintiff's custody posted on the website of the IDOC also shows that he was in custody beginning on June 2, 2015, and transferred to the IDOC on July 27, 2015. The IDOC records show that Plaintiff was released on parole on March 2, 2016. Website of the Illinois Department of Corrections, Offender Search page, http://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited June 10, 2016).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Plaintiff articulates several claims based on his calculation that he was denied credit for the days he spent in county jail before his transfer to IDOC custody. In addition to Eighth Amendment claims for the "time unjustly served," he includes a count for intentional infliction of emotional distress/willful and wanton misconduct, and a claim that Defendant Centralia Correctional Center failed to train its employees (Doc. 1, pp. 8-11). None of these claims is sustainable, however, because the claims are contradicted by the facts of record.

If the facts contained in the complaint and exhibits had suggested that Plaintiff was held in prison beyond his proper release date, then he might have a constitutional claim for a wrongfully lengthened sentence. *See Bey v. Schwartz,* No. 12-1373, Doc. 00711806143 (7th Cir. May 29, 2012); Southern District of Illinois Case No. 11-951-GPM (Doc. 29-1) (§ 1983 case may proceed where prisoner claims that "the prison system failed to implement the state courts' [sentencing] decisions and thus defendants have deprived him of liberty without due process of law"). But the documentation Plaintiff included with his complaint does not show that his imprisonment was improperly prolonged. He was sentenced to serve 18 months in prison, with the provision that he could be paroled after serving 50% of that sentence–in other words, he would be eligible for release after serving only nine months. Plaintiff's Judgment shows that he was placed in custody (at the county jail) on June 2, 2015. He was released on parole exactly nine months later–on March 2, 2016.[2] There was no extension of his incarceration–he served exactly 50% of his sentence, as the trial court had ordered.

Given these facts, Plaintiff's assertion that he was subjected to "time unjustly served" fails to state a claim upon which relief may be granted. Based on the documentation supplied by

---

[2] The parole date reflected in the online public records of the IDOC is supported by Plaintiff's notification to this Court on February 29, 2016, of his change of address from prison to his parole site (Doc. 8).

Plaintiff, any attempt to amend the complaint to re-plead this claim would be futile. The federal due process claim, and all other § 1983 claims, shall therefore be dismissed with prejudice.

Plaintiff's supplemental state law claims for intentional infliction of emotional distress and willful and wanton misconduct are subject to dismissal along with the failed constitutional claims. "[T]he usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Because Plaintiff's federal claims based the alleged improper extension of his prison term shall be dismissed, his state law claims shall also be dismissed, but the dismissal will be without prejudice.

### Disposition

For the reasons stated above, Plaintiff's federal civil rights claims brought pursuant to § 1983 are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. His supplemental state law claims for intentional infliction of emotional distress and willful and wanton misconduct are **DISMISSED without prejudice.**

This action is **DISMISSED in its entirety,** and all pending motions are **DENIED as moot**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave

to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  June 14, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**